O

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | | |
|---|---|---|
| **ATLANTIC RECORDING CORP.,** *et. al.*, | § | |
| | § | |
| **Plaintiffs,** | § | |
| v. | § | Civil Action No. 5:07-cv-17 |
| | § | |
| **SYLVIA MORALES,** | § | |
| | § | |
| **Defendant.** | § | |

## FINAL JUDGMENT

Pending before the Court is Plaintiffs' Request for Entry of Default, [Dkt. No. 14], and Motion for Default Judgment, [Dkt. No. 15]. Upon due consideration of the filings and the governing law, the Court **GRANTS** Plaintiffs' Motions.

Plaintiffs brought this infringement suit on February 6, 2007, alleging Defendant illegally downloaded, via the Internet, Plaintiffs' copyrighted audio recordings. [Dkt. No. 1]. Defendant was served with summons on May 23, 2007, [Dkt. No. 10], but has not filed an answer with the Court, or shown any interest in defending this suit. Plaintiffs filed, on July 25, 2007, a Request for Entry of Default [Dkt. No. 14] and Motion for Default Judgment [Dkt. No. 15]. Because Defendant has not responded to Plaintiffs' Motions within the time allotted for her to do so under Local Rules 7.3 and 7.4, Plaintiffs' Motions are considered unopposed.

Federal Rule of Civil Procedure 55 states: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules . . . the clerk shall enter the party's default." The Clerk of the Court has not entered default. However, because Defendant has not answered within 20 days of beings served with process, *see* Fed. R. Civ. P. 12(a)(1)(A), the Court will instruct the Clerk to enter default at this time.

Upon entry of default, all well-pleaded allegations in the complaint are assumed true. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  However, "a defendant's default does not in itself warrant . . . entering a default judgment"; default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Id.*  Thus, default judgment may be awarded only if the facts alleged in the complaint, if assumed true, would establish liability as a matter of law.  If those facts are not "well-pleaded," no liability attaches.  *See id.*

Here, to obtain default judgment, Plaintiffs must plead: (1) ownership of a valid copyright; and (2) the copying of "constituent elements" of that work.  *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1340-41 (5th Cir. 1994) (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).  Since Plaintiffs allege these elements, the Court will grant Plaintiffs' motion for default judgment.

The Clerk is instructed to enter default against Defendant, [*see* Dkt. No. 14].  Plaintiffs' Motion for Default Judgment, [Dkt. No. 15], is **GRANTED**.  The Court awards injunctive relief and statutory damages, but in its discretion declines to award attorney's fees.  *See* 17 U.S.C. § 505.  Accordingly:

Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of

Plaintiffs.  Defendant shall also destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

Additionally, Plaintiffs are awarded minimum statutory damages of $750.00, pursuant to 17 U.S.C. § 504(c),[1] for each of the ten copyrighted works infringed by Defendant as listed in Exhibit A of the Complaint, for a total of $7500.00.

All costs of court expended or incurred herein are assessed against Defendant.  All writs and processes necessary for the enforcement of this judgment may issue as necessary.

All other relief not expressly granted herein is **DENIED**.

Done this 24th day of October, 2007, in Laredo, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**

---

[1] Under 17 U.S.C. § 504(a), "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer . . . . ; or (2) statutory damages, as provided by subsection (c)."  A plaintiff need not present evidence of actual damages in order to recover statutory damages.  *See* 4-14 Melville B. Nimmer & David Nimmer, *Nimmer On Copyright* § 14.04[A] (2007); *Columbia Pictures Indus. v. Krypton Bd. of Birmingham, Inc.*, 259 F.3d 1186, 1194 (9th Cir. 2001) ("A plaintiff may elect statutory damages regardless of the adequacy of the evidence offered as to his actual damages and the amount of the defendant's profits."); *Reader's Digest Assoc. v. Conservative Digest, Inc.*, 642 F. Supp. 144, 147 (D.D.C. 1986) (awarding Plaintiff statutory damages even though "[t]here [was] no indication that any actual injury has occurred").  Here, Plaintiffs request only statutory damages.